

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*   (973) 645-2700
*Newark, New Jersey 07102*

January 20, 2021

Nicole Westmoreland, Esq.
Of Counsel, Lackland & Associates, LLC
630 Village Trace, NE
Building 15, Suite C
Marietta, Georgia 30067

**RECEIVED**

**APR 2 1 2021**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Re: <u>Plea Agreement with Bernard E. Lopez</u>
Cr. 21-329 (PGS)

Dear Ms. Westmoreland:

This letter sets forth the plea agreement between your client, Bernard E. Lopez ("LOPEZ"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **February 1, 2021** if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from LOPEZ to a two-count Information, charging him with: committing bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count One); and theft of government funds in violation of Title 18, United States Code, Sections 641 and 2 (Count Two).

If LOPEZ enters a guilty plea and is sentenced to a term of imprisonment **within the range of 27 and 33 months** and a term of supervised release of at least three years on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against LOPEZ, arising from his deposit of a stolen and altered treasury check in or around February 2019, and his filing of a fraudulent Paycheck Protection Program loan application in or around June 2020. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, LOPEZ agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by LOPEZ may be commenced

against him, notwithstanding the expiration of the limitations period after LOPEZ signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1344 to which LOPEZ agrees to plead guilty in Count One of the Information carries a statutory maximum term of 30 years' imprisonment and a statutory maximum fine of the greatest of: $1,000,000; twice the gain derived from the offense; or twice the loss caused by the offense. Fines imposed by the sentencing judge be subject to the payment of interest.

The violation of Title 18, United States Code, Section 641 to which LOPEZ agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 10 years and carries a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon LOPEZ is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence LOPEZ ultimately will receive.

Further, in addition to imposing any other penalty on LOPEZ, the sentencing judge: (1) will order LOPEZ to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013 for a total payment of $200, which assessment must be paid by the date of sentencing; (2) with respect to Count One, must order LOPEZ to pay restitution pursuant to 18 U.S.C. § 3663A; (3) with respect to all counts, may order LOPEZ, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) with respect to Count Two, must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and with respect to Count Two, must order forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C); and (5) pursuant to 18 U.S.C. § 3583, may require LOPEZ to serve a term of supervised release of not more than 5 years on Count One, and not more than 3 years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should LOPEZ be placed on

a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, LOPEZ may be sentenced to not more than 3 years' imprisonment with respect to Count One, and not more than 2 years' imprisonment with respect to Count Two, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on LOPEZ by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of LOPEZ's activities and relevant conduct with respect to this case.

## Stipulations

This Office and LOPEZ agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or LOPEZ from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and LOPEZ waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Restitution

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), LOPEZ agrees to pay restitution in the amount of $137,000 to the victim of Count One, specifically Santander Bank, for the losses sustained as a result of the fraudulently deposited check in or around February 2019. The restitution amount should be paid according to a plan established by the Court.

Forfeiture

As part of his acceptance of responsibility, and pursuant to (i) 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and (ii) 18 U.S.C. § 982(a)(2), LOPEZ agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to (i) the bank fraud offense charged in Count One of the Information, and (ii) the theft of government funds offense charged in Count Two of the Information. LOPEZ further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"), which the parties agree is $481,502.00. The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in an amount to be agreed upon by the parties by the date of sentencing in this case, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. LOPEZ acknowledges that the Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from (i) proceeds traceable to the bank fraud in violation of Title 18, United States Code 1344, charged in Count One of the Information, and (ii) proceeds traceable to the theft of government funds offense, in violation of Title 18, United States Code, Section 641, charged in Count Two of the Information, to which LOPEZ is pleading guilty.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in

this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

The defendant further agrees that upon entry of the Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

LOPEZ waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The Government reserves the right to pursue discovery in aid of forfeiture and sentencing.

LOPEZ further agrees that within 10 days after he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If LOPEZ fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that LOPEZ has intentionally failed to disclose assets on his Financial Disclosure Statement, LOPEZ agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Venue

LOPEZ agrees to waive and forego any and all challenges to venue in the District of New Jersey, LOPEZ understands and agrees that the charges in the Information will be filed and adjudicated in the District of New Jersey. LOPEZ further agrees not to assert in any appeal, motion, or collateral attack, including a motion brought pursuant to 26 U.S.C § 2255, any claim or argument challenging venue in the District of New Jersey to the charges in the Information, as set forth above.

Immigration Consequences

LOPEZ understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. LOPEZ understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. LOPEZ wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. LOPEZ understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, LOPEZ waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against LOPEZ. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against LOPEZ.

No provision of this agreement shall preclude LOPEZ from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or

motion claiming that LOPEZ received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between LOPEZ and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: PERRY FARHAT
Assistant U.S. Attorney

APPROVED:

DARA AQUILA GOVAN
Chief, Government Fraud Unit

     I have received this letter from my attorney, Nicole Westmoreland, Esq., and it has been interpret or translated to me. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, venue, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 1/27/2021
Bernard E. Lopez

     I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, venue, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: January 27, 2021
Nicole Westmoreland, Esq.

- 8 -

## Plea Agreement With LOPEZ

### Schedule A

1. This Office and Bernard E. Lopez ("LOPEZ") agree to stipulate to the following facts:

 a. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

### Count One:

 b. The offense conduct involved bank fraud.

 c. The attempted loss associated with the offense conduct exceeded $150,000, but not more than $250,000.

### Count Two:

 d. The offense conduct involved theft of government property.

 e. The attempted loss associated with the offense conduct exceeded $250,000, but not more than $550,000.

### Grouping:

 f. Count One and Count Two are grouped together because the offense level for both offenses is determined on the bases of the total amount of harm or loss.

 g. The aggregated loss amount of Count One and Count Two was more than $550,000, but not more than $1,500,000.

2. To the extent the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the range of 27 to 33 months' imprisonment, to be followed by a term of supervised release of at least 3 years, is reasonable in light of the factors set forth in 18 U.S.C. § 3553, and the parties further agree not to seek or argue for a sentence above or below the range of 27 to 33 months' imprisonment.

4. LOPEZ knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court, if the sentence is between 27 and 33 months of imprisonment, followed by a term of supervised release of at least 3 years. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if the sentence imposed is between 27 and 33 months of imprisonment, followed by a term of supervised release of at least 3 years. Furthermore, if the sentencing court imposes a sentence consistent with the agreed upon sentence set forth in this paragraph, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

5. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.